UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. FORDJOUR,<br><br>           Petitioner,<br><br>    v.<br><br>JOHN ASHCROFT, et. al.,<br><br>           Respondents.<br>_____/ | CV F 05-00179 REC DLB HC<br><br>ORDER DIRECTING PETITIONER'S COUNSEL TO FILE NOTICE OF APPEARANCE AND DIRECTING COUNSEL TO FILE RESPONSE TO RESPONDENT'S NOTICE FILED MAY 24, 2005<br><br>[Doc. 16] |

      Petitioner is detained by the Bureau of Immigration and Customs Enforcement ("BICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      Petitioner filed the instant petition on February 9, 2005. On March 3, 2005, Petitioner filed a motion to stay the final order of deportation. On March 9, 2005, the undersigned issued an order appointing counsel for Petitioner and on March 10, 2005, Judge Coyle granted Petitioner's request to stay the final order of deportation pending the outcome of the instant petition. On March 16, 2005, the undersigned issued an order to show cause why the petition should not be granted. On May 3, 2005, Respondent filed a request for an extension of time to file a response to the petition. Then on May 24, 2005, Respondent filed a notice of applicability of The Real ID Act of 2005, Public Law 109-13.

///

///

///

In its May 3, 2005, request for an extension of time, Respondent indicates that Katherine Hart has been appointed to represent Petitioner in this case. However, to date no notice of appearance has been filed by Ms. Hart.[1]

As Respondent submits in its notice of May 24, 2005, pursuant to section 106, a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion. Id. §106(a). Section 106(c) provides that any habeas corpus petition pending in district court in which an alien challenges a final administrative order of removal, deportation, or exclusion shall be transferred by the district court to the appropriate court of appeals.[2] When a case pending in district court contains both challenges to an order of removal, deportation, or exclusion and to a non-removal order issue, the district court shall transfer to the court of appeals "the part of the case that challenges the order of removal, deportation, or exclusion." Id. The amendments to section 242 apply to all cases in which a final administrative order of removal has been entered before, on, or after the date of enactment. Id. § 106(a).

Respondent submits that Petitioner challenges only the final administrative order of removal, and therefore, pursuant to section 106(c) of the Real ID Act, this Court must transfer the case to the Ninth Circuit Court of Appeals. Petitioner has not yet filed a response to Respondent's contention.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **ten (10)** days from the date of service of this order, counsel for Petitioner shall file a notice of appearance; and

---

[1] It should be noted that Petitioner, himself, has filed several documents with this Court after counsel was appointed to represent him including, an amended petition on April 20, 2005; a request to appoint counsel on April 25, 2005; notice of service pursuant to Rule 5-135 on May 2, 2005; and an emergency motion for judicial notice on May 12, 2005. (Court Docs. 11, 12, 13, 15.)

[2] Section 106(c) defines the appropriate transferee court as the "court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)92) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note)." Section 242(b)(2) of the INA defines the proper venue for a petition for review as "the judicial circuit in which the immigration judge completed the [underlying immigration] proceedings." INA § 242(b)(2), 8 U.S.C. § 1251(b)(2).

2. Within **thirty (30)** days from the date of service of this order, Petitioner, through appointed counsel, shall file a response to Respondent's May 24, 2005, notice to the Court.[3]

IT IS SO ORDERED.

**Dated:    June 10, 2005**                              /s/ Dennis L. Beck
3b142a                                                   UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that all filings in this action are available to the parties through the court's electronic case filing system ("CM/ECF").