# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. FORDJOUR,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JOHN ASHCROFT, et. al.,<br><br>　　　　　　Respondents.<br>_____/ | CV F 05-00179 REC DLB HC<br><br>ORDER DISMISSING PORTION OF PETITION AS MOOT AND TRANSFERRING REMAINING PORTION TO NINTH CIRCUIT COURT OF APPEALS AS PETITION FOR REVIEW |

　　　　Petitioner is detained by the Bureau of Immigration and Customs Enforcement ("BICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## PROCEDURAL BACKGROUND

　　　　Petitioner filed the instant petition for writ of habeas corpus on February 9, 2005. On March 9, 2005, the Court appointed counsel to represent Petitioner. (Court Doc. 8.) On March 10, 2005, the Court granted Petitioner's request to stay the order of deportation pending review of the instant petition. (Court Doc. 9.) On March 16, 2005, the Court issued an order to show cause why the petition should not be granted. (Court Doc. 10.) On May 24, 2005, Respondent filed a notice of the Real ID Act of 2005. (Court Doc. 16.) On June 10, 2005, the Court directed Petitioner to file a response to Respondent's notice. (Court Doc. 17.) Petitioner filed a response on July 8, 2005. (Court Doc. 19.)

　　　　On August 2, 2005, Respondent filed a motion to dismiss for lack of jurisdiction as Petitioner has been released from custody. (Court Doc. 21.) Petitioner filed an opposition on

August 5, 2005, and Respondent filed a reply on August 9, 2005.  (Court Docs. 23, 26.)

DISCUSSION

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005." Division B of the Act is titled "REAL ID Act of 2005."   Section 106 of the REAL ID Act amends portions of section 242 of the Immigration and Nationality Act (hereinafter "INA"), 8 U.S.C. § 1251, and clarifies the scope of judicial review of removal orders.  Pursuant to section 106 of the REAL ID Act, a petition for review to the court of appeals is the exclusive means of review of an administrative order of removal, deportation, or exclusion.  Id. at § 106(a).  Section 106(c) provides that any habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion shall be transferred by the district court to the appropriate court of appeals.[1]  When a case pending in the district court contains both challenges to an order of removal, deportation, or exclusion and to a non-removal order issue, the district court shall transfer to the court of appeals "the part of the case that challenges the order of removal, deportation, or exclusion."  Id.

As Petitioner concedes, it is clear that the REAL ID Act deprives this Court of jurisdiction to review the final order of removal.  (Opposition, at 4.)  Petitioner argues however that the Act does not deprive this Court of jurisdiction to review the issue of indefinite detention.  In opposition, Respondent claims the issue of detention is moot as Petitioner has been released from custody and that portion of the case should be dismissed.  Respondent is correct. Respondent submits evidence, and Petitioner concedes that he was released from BICE custody on July 26, 2005, under an order of supervision.  (See Attachment A, to Respondent's Motion to Dismiss for Mootness.)

///

---

[1] Section 106(c) defines the appropriate transferee court as the "court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note)."  Section 242(b)(2) of the INA defines the proper venue for a petition for review as "the judicial circuit in which the immigration judge completed the [underlying immigration] proceedings."  INA § 242(b)(2), 8 U.S.C. § 1252(b)(2).

     The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

     In Picrin-Peron v. Rison, 930 F.2d 773 (9th Cir. 1991), the Ninth Circuit reviewed the case of a Cuban national who had been ordered excluded by the INS but whom remained in the INS's custody because the INS was unable to physically remove the alien to Cuba. Id. at 774. By the time the Ninth Circuit reviewed the case, however, the petitioner had been released from the INS's custody. Id. at 774-775. The Ninth Circuit noted that normally the government's cessation of an illegal action which the government can resume at any time does not render a case moot,  see, e.g., Mesquite v. Alladin' Castle, Inc., 455 U.S. 283, 289, 102 S.Ct. 1070, 1074 (1982), but this rule has never been applied to habeas corpus petitions. Picrin-Peron, 930 F.2d at775-556. The Ninth Circuit then found that because the habeas petition only requested the petitioner's release from the INS's custody and the INS had released the petitioner, there was no further relief the court could provide. Id . at 776. The Ninth Circuit then dismissed the action. Id. at 776.

     The mootness rule is subject to a "capable of repetition yet evading review" exception. See Nebraska Press Assn. V. Stuart, 427 U.S. 539, 546, 96 S.Ct. 2791, 2797 (1976); GTE California, INC v. Federal Communications Comm'n, 39 F.3d 940, 945 (1994). The exception is met when: (1) the "duration of the challenged conduct is too brief ever to be fully litigated prior to its cessation;" and (2) there is a reasonable probability that the petitioner will again be subject to the challenged activity. Mitchell, 75 F.3d at 528; GTE California, 39 F.3d at 945; see also County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383 (1979).

1    Petitioner argues that although he was released from custody he is subject to strict terms
2 of release including, electronic monitoring, maintaining a strict contact with his case specialist,
3 restriction to his residence during certain hours, and a curfew.  Petitioner contends that because it
4 is possible that he will return to BICE custody if he violates the terms of his supervised release or
5 if BICE otherwise determines that resumed detention is appropriate.  This is insignificant
6 because as Respondent points out should Petitioner re-enter BICE detention, his recourse would
7 be to file a new petition for writ of habeas corpus challenging the detention at that time.  The
8 case although capable of repetition, is not subject to evading review.  The case is clearly moot as
9 the only relief the Court could grant - release from detention - has already been granted to
10 Petitioner.

11    Further, this Court cannot determine if the BICE's possible future confinement of
12 Petitioner will violate petitioner's Constitutional rights.  Any fear that the BICE may take an
13 action against petitioner in the future does not create a case or controversy because such a case is
14 not ripe for adjudication.  See United Pub. Workers v. Mitchell, 330 U.S. 75, 91, 67 S.Ct. 556,
15 565 (1947), *overruled on other grounds by* Adler v. Board of Educ., 342 U.S. 485, 72 S.Ct. 380
16 (1952); Associated Gen. Contractors v. Coalition for Econ. Equity, 950 F.2d 1401, 1406 (9th Cir.
17 1991).  "Concrete legal issues, presented in actual cases, not abstractions are requisite" for the
18 adjudication of a case.  United Pub. Workers, 330 U.S. at 75, 67 S.Ct. at 564.  Accordingly, the
19 portion of the petition challenging the indefinite detention must be dismissed as moot.

20    In his reply, Petitioner requests that should the Court dismiss the action challenging his
21 indefinite detention and transfer the portion challenging the final order of removal to the Ninth
22 Circuit Court of Appeals, this Court issue a further stay of the deportation order pending review
23 at the Court of Appeals.  This Court's stay of deportation continues through and until the Ninth
24 Circuit gains jurisdiction to review the case.  To the extent Petitioner seeks a further stay of the
25 deportation order, such a request should be raised at the Ninth Circuit.

26    Lastly, Petitioner further requests that this Court order the Office of the United States
27 Attorney to provide Petitioner's counsel with a copy of Petitioner's immigration file and a copy
28 of his certified Administrative Record, as Petitioner's counsel has not received a copy of

1  Petitioner's official immigration file.  Because this Court does not have jurisdiction to review
2  this case, the Court cannot grant Petitioner's request.  Petitioner may re-raise this issue at the
3  Ninth Circuit Court of Appeals.

<u>ORDER</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. The portion of the instant petition that challenges the indefinite detention is dismissed as moot; and

2. The portion of instant petition for writ of habeas corpus challenging the final order of deportation is transferred to the Ninth Circuit Court of Appeals as a petition for review.

IT IS SO ORDERED.

**Dated:  August 17, 2005**            /s/ Robert E. Coyle
668554                                 UNITED STATES DISTRICT JUDGE